**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | Case #: 18-bk-11658 MPP |
| | ) | |
| Edward Grant Jones | ) | CHAPTER 11 |
| Carolyn Goolsby Jones | ) | |
| | ) | Individual |
| Debtors. | ) | |

**DEBTORS' INDIVIDUAL CHAPTER 11 PLAN OF REORGANIZATION DATED APRIL 3, 2019**

**ARTICLE 1. Summary:**

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of EDWARD GRANT JONES and CAROLYN GOOLSBY JONES (the "Debtors") from future income.

| This Plan provides for: | | |
|---|---|---|
| | 0 | classes of priority claims |
| | 13 | classes of secured claims |
| | 1 | class of non-priority unsecured claims; and |
| | 0 | class of equity security holders |

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of the Plan has valued at approximately 5 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**ARTICLE 2. Classification of Claims and Interests:**

2.01 **Class I.** All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

| | | |
|---|---|---|
| 2.02 | **Class 2.A.** | The claim of Healthcare Services Credit Union (Claim # 5) to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2.B.** | The claim of Santander Consumer USA, Inc. (Claim # 7) to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2.C.** | The claim of JP Morgan Chase Bank, NA (Claim # 14) to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2.D.** | The claim of Scenic Community Credit Union (Claim # 15) to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2.E.** | The claim of Tennessee Valley Credit Union (Claim # 17) to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2.F.** | The claim of Endodontic Group, P.C. (Claim # 18) to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2.G.** | The claim of Ocwen Loan Servicing (Claim # 28) to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2.H**. | The claim of Ocwen Loan Servicing (Claim # 29) to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2.I.** | The claim of Regions Bank (Claim # 30) to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2.J.** | The claim of Fay Servicing, LLC c/o Citibank, N.A. (Claim # 33) to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2.K.** | The claim of Statebridge Company, LLC (Claim # 34) to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2.L.** | The claim of Bank of America to the extent allowed as a secured claim under § 506 of the Code. |

   **Class 2.M.** The claim FSG Bank, N.A. / Atlantic Capital, Brenda Lawson & Associates, LLC. to the extent allowed as a secured claim under § 506 of the Code.

2.03 **Class 3.** All non-priority unsecured claims allowed under § 502 of the Code.

**ARTICLE 3. Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees:**

3.01 **Unclassified Claims**. Under section §1123(a)(1), administrative expense claims, [“gap” period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02 **Administrative Expense Claims**. Each holder of an administrative expense claim allowed under § 503 of the Code [and a “gap” claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 **Priority Tax Claims**. Each holder of a priority tax claim will be paid in full pursuant to 11 U.S. Code § 1129 (a)(9)(C) such that the holder of such claim will receive on account of such claim regular installment payments in cash -

(i). of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;

(ii). over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and

(iii). in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b)).

The following chart lists the Debtor’s estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

| Description (name and type of tax) | Estimated Amount Owed | Claim File Date | Treatment |
|---|---|---|---|
| City of Chattanooga (Claim # 3) in the total amount of $1,233.56 for 2016-2017 Property Taxes for Pinewood Drive (lot) (GS 149B C 017), less $322.03 in 2016-2017 Property Taxes for 5948 Hancock Rd (GS 148P A 018) and $502.80 in 2016-2017 Property Taxes for 5950 Hancock Rd (GS 148P A 019.01) that are to be paid | $408.73 | 4-26-18 | Monthly payment: $9.09<br>Begin Date: 7/1/19<br>End Date: 7/1/2024<br>Term: 5 years<br>Interest Rate: 12%<br>Total payout amount: $545.52<br>Alternatively, with no sale of the |

| | | | |
|---|---|---|---|
| in the above proposed real property sale, totaling $408.73 | | | above property:<br>Claim Value: $1,233.56<br>Monthly payment: $27.44<br>Begin Date: 7/1/19<br>End Date: 7/1/2024<br>Term: 5 years<br>Interest Rate: 12%<br>Total payout amount: $1,646.39 |
| IRS (Claim # 13): FICA Civil Penalties 2015-2016 and Income Tax 2017 | $99,907.12 | 6-19-18 | Unliquidated amount to be paid at $100.00 per month until liquidated, and when liquidated will be paid at 3% over 5 years less unliquidated payments, or alternative monthly amount if compromised |
| Tennessee Dept. of Labor - Bureau of Unemployment Insurance (Claim # 21) for $3,272.54 | $0.0 | 7-06-18 | Creditor appears to have misfiled this Claim in the Debtor's individual Chapter 11 rather than in the companion small business Chapter 11 (18-12810) and the Debtors will object to this Claim; alternatively, the terms are as follows:<br>Claim Value: $3,272.54<br>Monthly payment: $72.80<br>Begin Date: 7/1/19<br>End Date: 7/1/2024<br>Term: 5 years<br>Interest Rate: 12%<br>Total payout amount: $4,367.75 |
| Hamilton County Trustee (Claim # 22): 2016 Property Taxes for 5950 Hancock Road (GS 148P A 019.01) for $407.61 | $0.0 | 8-06-18 | Paid in the above proposed real property sale. Alternatively,<br>Claim Value: $407.61<br>Monthly payment: $9.07<br>Begin Date: 7/1/19<br>End Date: 7/1/2024<br>Term: 5 years<br>Interest Rate: 12%<br>Total payout amount: $544.02 |
| Hamilton County Trustee (Claim # 23): 2017 Property Taxes for 5950 Hancock Road (GS 148P A 019.01) for $167.34 | $0.0 | 8-06-18 | Paid in the above proposed real property sale. Alternatively,<br>Claim Value: $167.34<br>Monthly payment: $3.72<br>Begin Date: 7/1/19<br>End Date: 7/1/2024<br>Term: 5 years<br>Interest Rate: 12%<br>Total payout amount: $223.34 |
| Hamilton County Trustee (Claim # 24): 2016 Property Taxes for 5948 Hancock Road (GS 148P A 018) for $286.01 | $0.0 | 8-06-18 | Paid in the above proposed real property sale. Alternatively,<br>Claim Value: $286.01 |

| | | | |
|---|---|---|---|
| | | | Monthly payment: $6.36<br>Begin Date: 7/1/19<br>End Date: 7/1/2024<br>Term: 5 years<br>Interest Rate: 12%<br>Total payout amount: $381.73 |
| Hamilton County Trustee (Claim # 25): 2017 Property Taxes for 5948 Hancock Road (GS 148P A 018) for $71.21 | $0.0 | 8-06-18 | Paid in the above proposed real property sale. Alternatively,<br>Claim Value: $71.21<br>Monthly payment: $1.58<br>Begin Date: 7/1/19<br>End Date: 7/1/2024<br>Term: 5 years<br>Interest Rate: 12%<br>Total payout amount: $95.04 |
| Hamilton County Trustee (Claim # 26): 2016 Property Taxes for Pinewood Drive (lot) (GS 149B C 017) | $333.58 | 8-06-18 | Monthly payment: $7.42<br>Begin Date: 7/1/19<br>End Date: 7/1/2024<br>Term: 5 years<br>Interest Rate: 12%<br>Total payout amount: $445.22 |
| Hamilton County Trustee (Claim # 27): 2017 Property Taxes for Pinewood Drive (lot) (GS 149B C 017) | $128.17 | 8-06-18 | Monthly payment: $2.85<br>Begin Date: 7/1/19<br>End Date: 7/1/2024<br>Term: 5 years<br>Interest Rate: 12%<br>Total payout amount: $171.06 |

3.04    **Statutory Fees**. All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

3.05    **Prospective quarterly fees.** All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.

**ARTICLE 4. Treatment of Claims and Interests Under the Plan:**

4.01    Claims and interests shall be treated as follows under this Plan:

**Class 1 - Priority Claims** excluding those in Article 3: None

**Class 2 - Secured Claims:** The following chart lists all classes containing Debtor's secured prepetition claims and their proposed treatment under the Plan:

| Class # 2 | Description | Impairment | Treatment |
|---|---|---|---|
| Class 2.A. | *Secured claim of*:<br>Healthcare Services Credit Union<br>(Claim # 5) (Filed 4/27/18)<br><br>Collateral description =<br>Recorded Judgment Lien (10/2/2014)<br><br>Allowed Secured Amount =<br>$11,165.30 | Impaired | Monthly payment: $73.68<br>Begin Date: 7/1/19<br>End Date: 7/1/2039<br>Term: 20 years<br>Interest Rate: 5%<br>Treatment of Lien: Secured<br>Total payout amount: $17,684.47 |
| Class 2.B. | *Secured claim of*:<br>Santander Consumer USA, Inc.<br>(Claim # 7) (Filed 5/8/18)<br><br>Collateral description =<br>2007 GMC Light Envoy-16<br><br>Allowed Secured Amount =<br>$6,475.24 | Impaired | Monthly payment: $42.73<br>Begin Date: 7/1/19<br>End Date: 7/1/2039<br>Term: 20 years<br>Interest Rate: 5%<br>Treatment of Lien: Secured<br>Total payout amount: $10,256.09 |
| Class 2.C. | *Secured claim of*:<br>JP Morgan Chase Bank, NA<br>(Claim # 14) (Filed 6/21/18)<br><br>Collateral description =<br>Residence (324 Willow Glen Road)<br><br>Allowed Secured Amount =<br>$274,640.54 | Impaired | Monthly payment: $1,812.51<br>Begin Date: 7/1/19<br>End Date: 7/1/2039<br>Term: 20 years<br>Interest Rate: 5%<br>Treatment of Lien: Secured<br>Total payout amount: $435,001.44 |
| Class 2.D. | *Secured claim of*:<br>Scenic Community Credit Union<br>(Claim # 15) (Filed 6/22/18)<br><br>Collateral description =<br>Motor Vehicle Title Lien (2003 Mercedez Benz C320)<br><br>Allowed Secured Amount =<br>$1,399.78 | Impaired | Monthly payment: $9.24<br>Begin Date: 7/1/19<br>End Date: 7/1/2039<br>Term: 20 years<br>Interest Rate: 5%<br>Treatment of Lien: Secured<br>Total payout amount: $2,217.10. |
| Class 2.E. | *Secured claim of*:<br>Tennessee Valley Credit Union<br>(Claim # 17) (Filed 6/26/18)<br><br>Collateral description =<br>Recorded Judgment Lien (2/2/2018) (Acct. 5212)<br><br>Allowed Secured Amount =<br>$17,311.58 | Impaired | Monthly payment: $114.25<br>Begin Date: 7/1/19<br>End Date: 7/1/2039<br>Term: 20 years<br>Interest Rate: 5%<br>Treatment of Lien: Secured<br>Total payout amount: $27,419.70 |
| Class 2.F. | *Secured claim of*:<br>Endodontic Group, P.C.<br>(Claim # 18) (Filed 6/26/18) | Impaired | Monthly payment: $6.97<br>Begin Date: 7/1/19<br>End Date: 7/1/2039 |

| | | | |
|---|---|---|---|
| | Collateral description =<br>Recorded Judgment Lien (2/2/2018)<br><br>Allowed Secured Amount =<br>$1,055.93 | | Term: 20 years<br>Interest Rate: 5%<br>Treatment of Lien: Secured<br>Total payout amount: $1,672.48 |
| Class 2.G. | *Secured claim of*:<br>Ocwen Loan Servicing<br>(Claim # 28) (Filed 8/14/18)<br><br>Collateral description =<br>Mortgage 6002 Hancock Road<br>(Rental) (GS 148P A 019)<br><br>Allowed Secured Amount =<br>$61,220.70 to be paid in the above proposed real property sale | Impaired | Paid in the above proposed real property sale. Alternatively,<br>Claim Value: $61,220.70<br>Monthly payment: $404.03<br>Begin Date: 7/1/19<br>End Date: 7/1/2039<br>Term: 20 years<br>Interest Rate: 5%<br>Total payout amount: $96,967.09 |
| Class 2.H. | *Secured claim of*:<br>Ocwen Loan Servicing<br>(Claim # 29) (Filed 8/20/18)<br><br>Collateral description =<br>Mortgage 1406 Carousel Road<br>(Rental) (GS 137P D 029)<br><br>Allowed Secured Amount =<br>$50,322.00 | Impaired | Monthly payment: $332.10<br>Begin Date: 7/1/19<br>End Date: 7/1/2039<br>Term: 20 years<br>Interest Rate: 5%<br>Total payout amount: $79,704.70 |
| Class 2.I. | *Secured claim of*:<br>Regions Bank<br>(Claim # 30) (Filed 8/30/18)<br><br>Collateral description =<br>First Mortgage 7528 Pinewood Road (Rental) (GS 149B C 016) (Deed of Trust 11/5/1999)<br><br>Allowed Secured Amount =<br>$6,195.88 | Impaired | Monthly payment: $40.89<br>Begin Date: 7/1/19<br>End Date: 7/1/2039<br>Term: 20 years<br>Interest Rate: 5%<br>Total payout amount: $9,813.62 |
| Class 2.J. | *Secured claim of*:<br>Fay Servicing, LLC c/o Citibank, N.A<br>(Claim # 33) (Filed 9/25/18)<br><br>Collateral description =<br>Money Loaned secured by 5950 Hancock (Rental) (GS 148P A 019.01)<br><br>Allowed Secured Amount =<br>$24,795.71 to be paid in the above proposed real property sale | Impaired | Paid in the above proposed real property sale. Alternatively,<br>Claim Value: $24,795.71<br>Monthly payment: $163.64<br>Begin Date: 7/1/19<br>End Date: 7/1/2039<br>Term: 20 years<br>Interest Rate: 5%<br>Total payout amount: $39,273.77 |
| Class 2.K. | *Secured claim of*:<br>Statebridge Company, LLC<br>(Claim # 34) (Filed 9/27/18)<br><br>Collateral description =<br>Second Mortgage 7528 Pinewood Road (Rental) (GS 149B C 016) | Impaired | Monthly payment: $628.45<br>Begin Date: 7/1/19<br>End Date: 7/1/2039<br>Term: 20 years<br>Interest Rate: 5%<br>Total payout amount: $150,828.03 |

| | | | |
|---|---|---|---|
| | (Deed of Trust 6/21/2007)<br><br>Allowed Secured Amount = $95,226.10 | | |
| Class 2.L. | *Secured claim of*:<br>Bank of America<br><br>Collateral description =<br>Credit Card (Judgment recorded 9/15/17) (Book/Page GI 11145 667)<br><br>Allowed Secured Amount = $13,610.35 | Impaired | Monthly payment: $89.92<br>Begin Date: 7/1/19<br>End Date: 7/1/2039<br>Term: 20 years<br>Interest Rate: 5%<br>Total payout amount: $21,557.35 |
| Class 2.M. | *Secured claim of*:<br>FSG Bank, N.A. / Atlantic Capital, Brenda Lawson & Associates, LLC.<br><br>Collateral description =<br>Deed of Trust All Properties, Unconditional Guaranty (Judgment recorded 3/16/2011) (Book/Page GI 9367 767)<br><br>Allowed Secured Amount = $2,500,000.00<br><br>Estimated Amount = $1,200,000.00 | Impaired | To be paid at a compromised amount from the proceeds from the above real property sale or alternative monthly amount |

**Class 3 - Non-priority unsecured creditors**: The following chart identifies the Plan's proposed treatment of non-priority unsecured creditor claims against the Debtor:

| Class # 3 | Description | Impairment | Treatment | |
|---|---|---|---|---|
| | General Unsecured Class | Impaired | Monthly pmt.<br>Pmts. Begin<br>Pmts. End<br>Principal (5% of $175,873.01)<br>Interest<br>Term<br>Total Interest Paid<br>Total Paid | =$69.54<br>=7/1/2019<br>=7/1/2034<br>=$8,793.65<br>=5%<br>=15 years<br>=$3,723.48<br>=$12,517.13 |

**<u>ARTICLE 5. Allowance and Disallowance of Claims</u>:**

5.01 **Disputed Claim.** A *disputed claim* is a claim that has not been allowed or [disallowed by a final non-appealable order], and as to which either:

    (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 **Delay of Distribution on a Disputed Claim**. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 **Settlement of Disputed Claims**. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**ARTICLE 6. Provisions for Executory Contract and Unexpired Leases:**

6.01 **Assumed Executory Contracts and Unexpired Leases**.

(a) The Debtors have no executory contracts. Debtors have unexpired Leases with some of their tenants. All executory contracts are revoked. The Debtor assumes, and if applicable assigns, the following unexpired leases as of the effective date:

| Property | Tenant | Monthly Rent |
| --- | --- | --- |
| 1406 Carousel Road | Mr. Jeffrey Douglas | $750.00 |
| 7528 Pinewood Road | Ms. Ellania Neal | $650.00 |

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later that **20** days after the date of the order confirming this Plan.

**ARTICLE 7. Means for Implementation of the Plan:**

7.01 **Source of Payments.** Payments and distributions under the Plan will be funded via the Debtor's Social Security Income and income from rental properties.

**ARTICLE 8. General Provisions:**

8.01　**Definitions and Rules of Construction**. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02　**Effective Date of Plan**. The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

8.03　**Severability**. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04　**Binding Effect**. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05　**Captions**. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06　**Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Tennessee govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07　**Corporate Governance**. Pursuant to § 1123(a)(6) of the Code, the Debtor shall be prohibited from the issuance of nonvoting equity securities and an appropriate amount of voting power shall be distributed among any classes of securities possessing voting powers, including in the case of any class of equity securities having a preference over another class of equity securities with respect to dividends, adequate provisions for the election of directors representing such preferred class in the event of default in the payments of such dividends.

8.08　**Court Jurisdiction**. The Court shall retain jurisdiction of this case after the effective date of the plan for the following purposes:

(a) To determine any and all objections to the allowance and classification of claims and arrearage claims;

(b) To determine any and all applications for professional fees and expenses;

(c) To determine any pending applications for rejection or affirmance of executor contracts or expired leases and the allowance of claims resulting from the rejection of executor contracts or unexpired leases;

(d) To determine any and all pending applications and adversary proceedings and contested and litigated matters except those resolved by this Plan;

(e) To determine any defaults under the Plan and to enforce the provisions of the Plan;

(f) To correct any defect, cure any omission or reconcile any inconsistency in the Plan or in the Order of the Court confirming the Plan as may be necessary to carry out the purpose and intent of the Plan; and

(g) To determine such other matters as may be provided for in the Order of the Court confirming the Plan.

**ARTICLE 9. Discharge:**

9.01 Upon completion of payments under the Plan, the Debtors may receive a discharge or preconfirmation debts, except such discharge shall not discharge the Debtors form any debts that are found nondischargeable under § 523 or are obligations created by this Plan. The payments promised in the Plan constitute new contractual obligations that replace the preconfirmation debts proposed to be discharged. Creditors may not sue to collect on these obligations so long as the Debtor is not in material default under the Plan. If the Debtor materially defaults in performing the Plan, affected creditors may sue the Debtors to enforce the terms of the Plan or to dismiss this case or to convert it to a case under chapter 7 of the Bankruptcy Code.

**ARTICLE 10. Other Provisions:**

(a) The Debtors shall retain all assets and all creditors shall retain their liens, their rights pursuant to their notes and security documents and their respective priorities against the collateral, subject to the terms of the Plan.

(b) The Debtor may sell any or all of its properties subject to satisfying all liens and encumbrances against the property being sold including real property tax liens.

(c) In the event the Debtors should default on any of the terms of this Plan or upon its responsibilities provided herein, the Court shall retain jurisdiction to determine upon motion of a party in interest whether a default has occurred. A default in one or more Classes shall be deemed a default in that Class or Classes only and shall not affect the terms of the Plan as to the remaining Classes.

(d)      All right, title, and interest in and to any distribution that becomes Unclaimed Funds shall immediately and irrevocably vest in, and revert to and become the property of the Debtor and the holder of the allowed claim to which such distribution relates shall be deemed to have no further or additional claim against the Debtors with regard to such Allowed Claim or distribution or the Unclaimed Funds represented thereby.

(e)      Defaults may be brought to the Court's attention by any interest party. The Debtor is authorized to employ professional persons to continue representation of the Debtor for all matters arising post-confirmation and is authorized to pay all post-confirmation fees and expenses incurred in the ordinary course of business.

(f)      Avoidable transfers will not be pursued and are deemed compromised upon confirmation of the Plan.

(g)      Creditors desiring to cast ballots shall do so at or before the confirmation hearing. Objections to confirmation shall be filed at least three (3) business days prior to the confirmation hearing. All current post-petition expenses will constitute post-confirmation obligations of the Debtors and be paid in full according to ordinary financial terms.

(h)      Objections to the allowance of claims by the Debtor or any interested party shall be filed within thirty (30) days of the Effective Date with notice of the objection being served upon Debtor, Debtor's counsel, the creditors whose claims are being objected to and the Office of the U.S. Trustee.

(i)      All fees owing to the Office of the U. S. Trustee prior to the Effective Date will paid at the Effective Date. The case shall be administratively closed for purposes of 28 U.S.C. § 1930(a)(6) upon commencement of the Plan Payments and final determination of matters in Section 8.08, paragraphs (a) through (d) above, subject to reopening for determination of any of the matters in paragraphs (e) through (g) for which jurisdiction is retained to the extent that any fees become due and owing to the Office of the U. S. Trustee after the Effective Date, such fees shall be payable from Plan Payments as claimed in Class 2 (Secured Claims).

**(Signature and Certificate of Service on Following Page)**

        Edward Grant Jones and Carolyn Goolsby Jones

Law Office of W. Thomas Bible, Jr.
BY:/s/ W. Thomas Bible, Jr.
W. Thomas Bible, Jr, BPR
6918 Shallowford Road, Suite 100
Chattanooga, TN 37421
(423) 424-3116 / (423) 553-0639 fax
tom@tombiblelaw.com

CERTIFICATE OF SERVICE

I certify that the foregoing has been served electronically on the entities specified in the Notice of Electronic Filing to be issued by the electronic case filing system. I further certify that the foregoing paper was served by United States mail on April 3, 2019 to all interested parties, the Trustee and all creditors listed on attached Matrix. Matrix attached to original only.

BY:/s/ W. Thomas Bible, Jr.
W. Thomas Bible, Jr., BPR