**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **EDWARD GRANT JONES AND,** ) | Case No. 1:18-bk-11658-MPP |
| **CAROLYN GOOLSBY JONES** ) | |
| ) | |
| **Debtors.** ) | Chapter 11 |
| ) | |
| ) | |

**OBJECTION OF UNITED STATES TRUSTEE TO DEBTORS' INDIVIDUAL CHAPTER 11 DISCLOSURE STATEMENT DATED APRIL 3, 2019**

COMES NOW the Acting United States Trustee, Paul A. Randolph, as a party in interest, by and through his undersigned attorney, and objects to approval of the Debtors' Individual Chapter 11 Disclosure Statement Dated April 3, 2019 ("Disclosure Statement"; Dkt. 133). The United States Trustee objects that the Disclosure Statement contains an unrealistic expense estimate that precludes a finding that the Disclosure Statement provides "adequate information" under 11 U.S.C. § 1125.

### I.    JURISDICTION AND AUTHORITY

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.     The United States Trustee has standing to raise, appear, and be heard on this motion pursuant to 11 U.S.C. § 307; 28 U.S.C. § 581 *et seq.*

### II.    BACKGROUND

5.     This case was filed on April 16, 2018, as a Chapter 13 case (Dkt. 1).

6.     It was converted to Chapter 11 by order dated May 24, 2018 (Dkt. 41).

7.  The Disclosure Statement was filed on April 3, 2019 (Dkt. 133).

8.  The Disclosure Statement describes a Plan (Dkt. 132) that proposes payments on administrative expense claims, multiple secured claims, and a 5% dividend to unsecured creditors paid out over 15 years.

9.  Pages 5 and 6 of the Disclosure Statement project the Debtors' annual income and expenses, including Plan payments (Disclosure Statement at 5-6).

10. As detailed below, the United States Trustee has concerns about the accuracy of those feasibility projections.

### III.  STANDARDS

11. Post-petition solicitations of votes on bankruptcy plans are conditioned on the court's determination that a contemporaneously filed disclosure statement contains "adequate information," 11 U.S.C. § 1125(b); Fed. R. Civ. P. 3016(b). The term "adequate information" is voluminously defined as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a).

12. More succinctly, "a disclosure statement must contain all pertinent information bearing on the success or failure of the proposals in the plan of reorganization." *In re Cardinal*

*Congregate I*, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990).

13. Regularly considered factors are numerous, *see, e.g., In re Scioto Valley Mortg. Co.*, 88 B.R. 168 (Bankr. S.D. Ohio 1988) (listing 19 factors), but are variable and can be truncated based on the circumstances of the case, *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("It is . . . well understood that certain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

14. Ultimately, "[t]he determination of whether a disclosure statement provides creditors with adequate information is left essentially to the judicial discretion of the court and . . . the information required will necessarily be governed by the circumstances of the case." *In re Commonwealth Group-Mocksville Partners, L.P.*, No. 12-34319, 2013 WL 1728056, at *2 (Bankr. E.D. Tenn. Apr. 22, 2013) (citations and quotations omitted).

**IV.   ADEQUACY OF INFORMATION CONCERNING FEASIBILITY**

15. The United States Trustee objects to the Disclosure Statement for failing to accurately reflect the ongoing expenses and ultimate feasibility of the Plan.

16. The Disclosure Statement estimates ongoing expenses at $1529 per month.

17. However, monthly expenses have remained significantly higher throughout the case.

18. For example, the 2019 monthly operating reports reflect expenses of $6,308.72 (Dkt. 130 at page 5), $7,487.91 (Dkt. 131 at page 5), and $5,870.33 (Dkt. 141, at page 5).

19. Those three months of expenses average out to $6,555.65, which is over four times higher than the Disclosure Statement estimate.

20. Based on this history, the projected monthly expenses of $1529 are simply not

3

realistic.

21.    For the Disclosure Statement to give an accurate picture of the financial prospects of these Debtors, the monthly expense estimates must be corrected to reflect likely ongoing expenses.

## V.    CONCLUSION

For the reasons stated above, the United States Trustee objects to the final approval of the Disclosure Statement.

> Respectfully submitted,
>
> Paul A. Randolph
> Acting United States Trustee, Region 8
>
> /s/ David Holesinger
> David Holesinger (TN BPR # 030189)
> Attorney for United States Trustee
> 31 East 11th Street, 4th Floor
> Chattanooga, TN 37402
> (423) 752-5153
> David.Holesinger@usdoj.gov

**CERTIFICATE OF SERVICE**

      The United States Trustee hereby certifies that on April 25, 2019, a true and correct copy of the foregoing OBJECTION OF UNITED STATES TRUSTEE TO DEBTORS' INDIVIDUAL CHAPTER 11 DISCLOSURE STATEMENT DATED APRIL 3, 2019 was served by Notice of Electronic Filing on parties receiving such notice and was sent by U.S. Mail, first-class, to the Debtor at the address listed below.

    Edward Grant Jones  
    Carolyn Goolsby Jones  
    324 Willow Glen Rd  
    Chattanooga TN 37421

                                       /s/ David Holesinger  
                                       David Holesinger